Josephine Linker Hart, Justice, dissenting. In Johnson v. Union Pac. R.R., 352 Ark. 534, 546, 104 S.W.3d 745, 751 (2003), this court accepted the use of offensive collateral estoppel in “limited cases,” as outlined by the United States Supreme Court in Parklane Hosiery Co, v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In Parklane Hosiery, the Court stated, “Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.” Id. at 326, 99 S.Ct. 645 (emphasis added). The Court further stated, “Under the doctrine of collateral estoppel .., the second action is upon a different |1ficause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.” Id. at 327, 99 S.Ct. 645 n.5 (emphasis added). In its opinion, the'majority cites Zinger v. Terrell, 336 Ark. 423, 985 S.W.2d 737 (1999), for the often-stated requirements for collateral estoppel: the issue sought to be precluded must be the same as that involved in the prior litigation, the issue must have been actually litigated, the issue must have been determined by a final and valid judgment, and the issue must have been essential to the judgment. The majority, however, then abandons the notion that collateral estoppel requires identical issues that were actually litigated. Instead, it employs a much broader test— that “the elements of proof for [the] criminal charges and the elements of the proof for the torts ... do not [have to] line up completely.” The federal criminal statute under which Randeep Mann was convicted provides as follows: A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction .., (2) against any person or property within the United States, and (A) the mail or any facility of interstate or foreign commerce is used in furtherance of the offense; (B) such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce; (C) any perpetrator travels in or causes another to travel in interstate or foreign commerce in furtherance of the offense; or (D) the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, attempt, or conspiracy, would have affected interstate or foreign commerce ... shall be imprisoned for any term of years or for life, and if death results, shall be punished by death or imprisoned for any term of years or for life. 18 U.S.C. § 2332a. For the tort of assault, it must be shown that the defendant acted in such a manner as to create a reasonable apprehension of immediate harmful or offensive contact upon the person of the plaintiff, that the defendant intended to cause that apprehension, and that the [ 17plaintiff was actually put-in that apprehension. AMI Civ. 417 (2016). Whether—immediately prior to the explosion—Randeep Mann intended to create the apprehension of immediate harmful or offensive contact by leaning a spare tire against Trent Pierce’s car, or whether Trent Pierce was feeling “apprehension” when he saw a spare tire that had been leaned against his car, were questions not tried in the federal criminal case. Because it was not decided in federal court, the question of “apprehension” should have been decided by a finder of fact in state court. Furthermore, the federal crime does not require proof of harmful or offensive contact. This, too, was a question that should have been decided by a finder of fact in state court. For the tort of battery, it must be shown that the defendant acted with the intent to cause some harmful or offensive contact with a person or acted with the-intent to create the apprehension of some harmful or offensive contact with a person and that a harmful or offensive contact with the plaintiff resulted. AMI Civ. 418 (2016). However, the federal criminal charge permits a conviction for use of a weapon of mass destruction against property or a person. Damage to property will not suffice to establish the tort of battery. Moreover, the tort of battery requires proof of harmful or offensive contact. The federal crime does not, While the. majority dismisses these distinctions by saying that it presupposes a set of facts that do not exist, that is clearly wrong. The facts are that a weapon of mass destruction was used against property, so a federal conviction could have been imposed on those facts alone. Those facts do not suffice for the tort of battery, which requires proof of harmful or offensive contact with a person. The majority appears to engage in speculation regarding which facts the federal criminal conviction turned on, and it wrongly assumes that the | ^elements of battery—harmful or offensive contact with a person—were actually litigated in the federal criminal case. Put simply, Mann was not charged with assault or battery in federal criminal court. I submit that the majority will wish it had been more circumspect when circuit courts apply this newly expanded doctrine of offensive collateral estoppel in future cases. I respectfully dissent. Baker, J., joins in this dissent.